**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**NOATEX CORPORATION** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:11cv00137-SAA**

**KING CONSTRUCTION OF HOUSTON, LLC, et al.** **DEFENDANTS**

# ORDER

On April 12, 2012, the court held that Mississippi Code Annotated § 85-7-181 (1972) is unconstitutional and found that King Construction's stop notice, which bound funds owed by APMM to Noatex, had no effect. Docket 62. King Construction and the Mississippi Attorney General appealed this court's decision. Docket 79, 81. Noatex now seeks a monetary judgment under 28 U.S.C. § 2202 because "the King Defendants' unlawful interference with the $260,410.15 property of Noatex has so effectively deprived Noatex of its property that the King defendants should be ordered to pay Noatex the full value of that property, with interest, though subject to additional provisions to assure that Noatex receives no double recovery.[1] Docket 87, p. 8.

Although the prevailing party in a declaratory judgment action – Noatex in this case – may request monetary damages under 28 U.S.C. § 2202[2] to effectuate a prior declaratory judgment, *United Teacher Associates Insurance Co. v. Union Labor Life Insurance Company*,

[1]Noatex's Motion for Necessary or Proper Relief was filed on June 26, 2012. Docket 86. Noatex's Motion for Attorney Fees (Docket 66) and Motion for Bond or Other Security to Assure Costs on Appeal (Docket 84) remain pending.

[2]28 U.S.C. § 2202 states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

414 F.3d 558, 570-571 (5th Cir. 2005), the court finds that a monetary judgment is not justified in this case because Noatex's right to recover was not conclusively established. Noatex argues that, by appealing the declaratory judgment entered in this case, King Construction of Houston, LLC and Carl King (King Defendants) have prevented APMM from releasing the $260,410.15 owed to Noatex. Docket 87, p. 1-2. Noatex seeks "monetary relief that is akin to the damages traditionally awarded in cases of conversion: the King Defendants' unlawful interference with the $260,410.15 property of Noatex has so effectively deprived Noatex of its property that they should be ordered to pay Noatex the full value of that property . . . ."[3] Docket 87, p. 8.

The undersigned has considered the motion, memorandum, response, reply and all cited case law and finds Noatex's arguments of conversion without merit. Following this court's April 12, 2012 order, King Construction withdrew the stop notice filed in Lee County Chancery Court[4] (Docket 93, Exhibit 1) and, on June 21, 2012, the King Defendants filed a motion to withdraw and dismiss their appeal of this court's order. Docket 93, Exhibit 2. The State of Mississippi did not join the King Defendants' attempt to dismiss the appeal.

Noatex argues that the property was bound upon *service* of the stop notice, not filing, and consequently, removing the filing was insignificant. Docket 94, p. 2. Noatex further claims that the King Defendants refused to confirm that the stop notice would be withdrawn[5] and they have

---

[3]Noatex additionally seeks damages for litigation costs in the amount of $75,646.78 which were incurred in responding to APMM's interpleader action.

[4]On May 23, 2012, King Construction requested that the Laborer's and Materialman's Lien and Stop Notice be vacated and removed from the files of the Chancery Clerk of Lee County. Docket 93, Exhibit 1.

[5]Noatex cites a April 25, 2012 letter from B. Wayne Williams, counsel for the King Defendants, stating "we cannot confirm that King Construction asserts no interest in the funds withheld from Noatex by APMM or that we have or will withdraw the Stop Notice at issue in

not withdrawn their allegation of ownership rights to the $260,410.15 in the interpleader case, now pending in chancery court. Docket 94, p. 3.

In finding that the Mississippi stop notice procedure was unconstitutional, this court did not determine that Noatex was entitled to recover damages in any amount; indeed, Noatex never *sought* such a determination in this action, either in its complaint or at any other time before it filed the instant motion. Although this court retains the authority to grant further relief, *United Teacher*, 414 F.3d at 572, it declines to do so. This court has not established Noatex's rights to the money withheld by APMM or even conclusively established what amount was bound by the stop notice.[6] Further, given that the King Defendants withdrew the filing of the stop notice and their appeal of this court's decision, Noatex's arguments of conversion are tenuous, if not disingenuous.

Noatex did not involve APMM – the owner of the project and Noatex's debtor – in this litigation or any other action, even though it had every right to do so; instead, it successfully sought a declaration that the Mississippi stop notice procedure was unconstitutional. The court remains puzzled by Noatex's tortured legal machinations to avoid seeking the money which it says APPM owes it, *from APPM itself*, seeking instead to shift that liability to the King Defendants. In none of the actions instituted by Noatex has it elected to take the most direct route to recovery of its money, and its continued insistence that somehow the King Defendants have prevented it from doing so rings hollow. The money interpled into this court was released

---

this case." Docket 94, p. 4.

[6]The stop notice was issued in the amount of $260,410.15 but APMM owed Noatex only $179,707.40 on that date. The court did not address the correct amount bound. Docket 62, p. 17, footnote 14.

to counsel for APPM on May 24, 2012 in accordance with the court's directive. That is where Noatex should go to get it. Noatex has not even suggested that it has requested the money from APPM.

The court denies Noatex's request to extend the declaratory judgment in this case to include a monetary judgment against the King Defendants. Noatex's Motion for Necessary or Proper Relief (Docket 86), including the request for a hearing, is DENIED. Further, all other proceedings in this action are STAYED pending a ruling on the appeal.

SO ORDERED, This the 20th day of July, 2012.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE