IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NOATEX CORPORATION,
a California Corporation                                        PLAINTIFF

v.                                           CIVIL ACTION NO. 3:11-cv-00137-GHD

KING CONSTRUCTION OF
HOUSTON LLC, a Mississippi
limited liability company; and
CARL KING                                                      DEFENDANTS

and

JIM HOOD, MISSISSIPPI
ATTORNEY GENERAL, STATE OF
MISSISSIPPI, ex rel.                                           INTERVENOR

## MEMORANDUM OPINION DENYING PLAINTIFF NOATEX CORPORATION'S MOTION FOR ATTORNEY'S FEES

Presently before the undersigned is Plaintiff Noatex Corporation's motion for attorney's

fees [66]. Upon due consideration, the Court finds that the motion should be denied.[1]

### A. Factual and Procedural Background

Auto Parts Manufacturing Mississippi, Inc. ("APMM") contracted with Noatex

Corporation ("Noatex") for Noatex to construct an auto parts manufacturing facility in Guntown,

Lee County, Mississippi, near Toyota Motor Manufacturing, Mississippi, Inc. in Blue Springs,

Mississippi. Noatex subcontracted with King Construction of Houston LLC ("King

Construction"), a Mississippi limited liability company, to provide some materials and labor for

the construction. Noatex alleges that APMM owes it money for goods and services that Noatex

---

[1] Because the parties maintain that the sole remaining issue in the case is the attorney's fees issue,
Noatex's motion for bond or other security to assure payment of costs on appeal [84] shall be denied as moot.

provided to APMM under the contract. Noatex questions some of the invoices submitted to it by King Construction pertaining to the subcontract work. In response to this billing dispute between Noatex and King Construction, King Construction notified APMM on September 23, 2011, pursuant to Mississippi's "Stop Notice" Statute, Mississippi Code § 85-7-181 (the "Stop Notice statute"), that Noatex owed King Construction $260,410.15 and that King Construction was filing a "Laborer's and Materialman's Lien and Stop Notice" in the Chancery Court of Lee County, Mississippi. The stop notice bound the disputed funds in APMM's hands to secure invoice claims that Noatex allegedly owed to King Construction. *See* MISS. CODE ANN. § 85-7-181 ("[T]he amount that may be due . . . shall be bound in the hands of such owner for the payment in full . . . ."). King Construction's filing of the stop notice in the *lis pendens* record of the chancery court had the effect of establishing King Construction's lien priority over the property that was the subject of the dispute. *See id.* § 85-7-197. APMM later deposited the $260,410.15 into the registry of the Chancery Court of Lee County.

The dispute resulted in three lawsuits, one of which is the case *sub judice*.[2] Noatex filed this declaratory action against Defendants King Construction and its principal Carl King (collectively, the "King Defendants"), challenging the facial constitutionality and constitutionality-as-applied of Mississippi's "Stop Notice" Statute, Mississippi Code § 85-7-181 (the "Stop Notice statute"). The State of Mississippi intervened as a defendant to defend the constitutionality of its statute. On April 12, 2012, United States Magistrate Judge S. Allan

---

[2] The other two lawsuits are an interpleader action and a breach of contract action, respectively. APMM filed the interpleader action in the Chancery Court of Lee County to determine ownership of the disputed funds subject to King Construction's stop notice, naming both Noatex and King Construction as defendants. In December of 2011, Noatex removed the interpleader action to this Court, invoking diversity jurisdiction. APMM deposited the money into the Court registry; the interpleaded funds are currently impounded in the Court registry pending disposition. In the breach of contract action (No. 3:11-cv-00152), Noatex sued King Construction for breach of contract in this Court claiming damages in excess of $500,000, but that action was dismissed when this Court granted Noatex's motion to voluntarily dismiss its breach of contract action without prejudice.

Alexander, who was assigned this declaratory action by mutual consent [52] of the parties, issued a declaratory judgment in favor of Noatex, concluding that § 85-7-181 violated due process and, thus, that the stop notice filed by King Construction against Noatex in the Chancery Court of Lee County, Mississippi, had no effect on the funds that had been deposited in the Court's registry. *See* Ct.'s Order [62]; Final J. [63]. On appeal, *inter alia*, the Fifth Circuit Court of Appeals affirmed the Court's ruling that Mississippi's Stop Notice statute was facially unconstitutional due to the lack of procedural safeguards that amounted to a facially unconstitutional deprivation of property without due process. *See Noatex Corp. v. King Constr. of Houston, L.L.C.*, 732 F.3d 479, 487 (5th Cir. 2013).

Subsequently, the Magistrate Judge requested submissions from the parties regarding remaining motions and issues that needed to be resolved in order to fully and finally conclude this case in this Court. On April 1, 2014, the case was reassigned to the undersigned Senior United States District Court Judge. The parties maintain that the remaining issue in this case is the issue of attorney's fees.

### B. Analysis and Discussion

#### 1. Jurisdiction

The Court first addresses the issue of its jurisdiction. Although this case has had a storied history, the undersigned was first assigned this case on April 1, 2014. The undersigned recognizes that the Magistrate Judge briefly addressed jurisdiction in her April 12, 2012 Order [62] ("This court has federal question jurisdiction over the declaratory judgment action . . . under 28 U.S.C. § 1331."). However, "[f]ederal courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of the judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). Whenever the possibility of lack of jurisdiction

arises, a federal court has the duty to thoroughly examine its own jurisdiction. *Villarreal v. Smith*, 201 F. App'x 192, 194 (5th Cir. 2006) (per curiam) (citing *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995); *Marshall v. Gibson's Prods., Inc.*, 584 F.2d 668, 672 (5th Cir. 1978)). When examining jurisdiction, a federal court looks to "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *Id.* at 195 (citing *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 741 (5th Cir. 1986)).

Noatex brought this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Noatex's Compl. [1] ¶¶ 40–43; Noatex's Mem. Br. Supp. Mot. Attorney's Fees [67] at 1. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Declaratory Judgment Act claims, without another basis for jurisdiction, cannot support the district court's jurisdiction." *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000); *see Medtronic, Inc. v. Mirowski Family Ventures, LLC*, — U.S. —, —, 134 S. Ct. 843, 848 (Jan. 22, 2014) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950) ("[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts.")). Thus, although Noatex brought this action under the Declaratory Judgment Act, for the Court to have jurisdiction over the case, "[t]here must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief." *See* 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2766 (3d ed. 1998).

### i. Diversity Jurisdiction

Unquestionably, Noatex's declaratory judgment action is not based on diversity jurisdiction, as Noatex brought the suit only on the basis of federal question jurisdiction and diversity jurisdiction cannot be assumed.[3] Complete diversity of citizenship exists under 28 U.S.C. § 1332; Noatex and the King Defendants are citizens of different states.[4] However, the amount-in-controversy requirement of 28 U.S.C. § 1332 is not satisfied. "For a plaintiff to invoke diversity jurisdiction of the federal court, the plaintiff must allege facts that indicate the amount in controversy exceeds $75,000, excluding interests and costs." *Villarreal*, 201 F. App'x at 195 (citing 28 U.S.C. § 1332(a)). In this case, Noatex's complaint sought only declaratory relief and costs of the suit.[5] Section 1332's amount-in-controversy requirement is not satisfied by costs; to satisfy diversity jurisdiction, the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Even taking into account the undisputed facts in the record and the Court's resolution of disputed facts, *see Clark*, 798 F.3d at 741, the jurisdictional amount in controversy is not satisfied.

On June 26, 2012, following the Court's declaratory judgment, Noatex filed a motion for further relief [86], stating "[Noatex] respectfully moves for an order of further necessary or proper relief" and that "[f]urther monetary relief is necessary and proper to give effect to the Court's [declaratory judgment]." *See* Noatex's Mot. Further Relief [86] at 1. Noatex requested

---

[3] Although this Court's Docket Report and the Fifth Circuit's General Docket indicate that this case was brought on the basis of diversity jurisdiction, that is incorrect. *See* Noatex's Compl. [1] ¶ 1 & Civil Cover Sheet [1-1] (asserting sole basis of jurisdiction is federal question jurisdiction).

[4] Plaintiff Noatex Corporation is a California corporation with its principal place of business in California; Defendant King Construction of Houston L.L.C. is a Mississippi limited liability company with its principal place of business in Mississippi; and Defendant Carl King is an individual who is a citizen of Mississippi. *See* Noatex's Compl. [1] ¶¶ 7–9; King Defs.' Answer [17] at 3 ¶¶ 7–9. Thus, there is complete diversity of citizenship.

[5] *See* Noatex's Compl. [1] at Prayer for Relief ¶¶ 1–2.

damages against the King Defendants equal to the amount of the stop notice plus interest and

attorney's fees. The Magistrate Judge denied the motion for further relief stating:

> In finding that the Mississippi stop notice procedure was
> unconstitutional, this court did not determine that Noatex was
> entitled to recover damages in any amount; indeed, Noatex never
> sought such a determination in this action, either in its complaint or
> at any other time before it filed the instant motion. Although this
> court retains the authority to grant further relief, it declines to do
> so.

Ct.'s Order Denying Mot. Monetary J. & Staying Case [97] at 3 (internal citation omitted).

Noatex challenged this ruling on appeal to the Fifth Circuit, which upheld the Court's ruling and

stated:

> Noatex's declaratory judgment action only requested a
> nullification of the stop notice, and that nullification was the only
> relief that the district court granted. The district court reasoned
> that in the absence of a determination as to Noatex's rights to the
> money frozen by the stop notice or a determination that Noatex
> was otherwise entitled to recover damages, a damages award on a
> "further relief" motion was inappropriate. The district court's
> determination was reasonable.

*Noatex Corp.*, 732 F.3d at 488. Based on all of the foregoing, this Court finds that the amount-

in-controversy requirement was not satisfied, and thus, that no diversity jurisdiction exists over

the action. Therefore, the only possible basis of jurisdiction in this case is federal question

jurisdiction, and that is the only basis of jurisdiction alleged in Noatex's complaint.

### ii. Federal Question Jurisdiction

Because the alleged jurisdictional basis of this case is federal question jurisdiction, the

United States Supreme Court's ruling in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667,

70 S. Ct. 876, 94 L. Ed. 1194 (1950) is implicated. *See Sherwin-Williams Co. v. Holmes County,*

*Miss.*, 343 F.3d 383, 395 n.6 (5th Cir. 2003) (stating that presence of federal question in a

declaratory judgment action implicates *Skelly Oil*). This Court notes that, to date, the *Skelly Oil* analysis has not been conducted in the case *sub judice*.

The Fifth Circuit has explained:

> The Supreme Court has held that federal question jurisdiction for a declaratory judgment suit cannot be established by raising an issue of federal law that would be an affirmative defense to a suit by the declaratory judgment defendant. *See Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 16, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (discussing [*Skelly Oil*]).

*Id.*; *see New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) ("A plaintiff cannot evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law.").[6]

Under *Skelly Oil*, the jurisdictional analysis applied in a declaratory judgment action is whether, "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Barrois*, 533 F.3d at 329 (citing *Franchise Tax Bd. of Calif.*, 463 U.S. at 19, 103 S. Ct. 2841); *accord Medtronic, Inc.*, 134 S. Ct. at 848 (internal quotation marks and citations omitted) ("[F]ederal courts, when determining declaratory judgment jurisdiction, often look to the character of the threatened action. That is to say, they ask whether a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question."); 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2767 (explaining that examining the complaint in the declaratory judgment

---

[6] The Supreme Court explained in *Skelly Oil* that the concern was that "[i]t would turn into the federal courts a vast current of litigation indubitably arising under State law, in the sense that the right to be vindicated was State-created, if a suit for a declaration of rights could be brought into the federal courts merely because an anticipated defense derived from federal law." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876, 94 L. Ed. 1194 (1950).

action on its own merits to see if it reveals a federal claim is not the correct jurisdictional analysis in a declaratory judgment action alleging federal question jurisdiction, but rather, that the *Skelly Oil* test is).[7]

To understand the nature of the threatened action pertinent to this case, it is necessary to examine the background of the dispute between Noatex and the King Defendants, which has been summarized in this opinion already. APMM contracted with Noatex for Noatex to construct an auto parts manufacturing facility in Guntown, Mississippi. Noatex subcontracted with King Construction to provide some materials and labor for the construction. King Construction submitted invoices to Noatex pertaining to the subcontract work; Noatex questioned some of these invoices. In response to this billing dispute between Noatex and King Construction, King Construction notified APMM on September 23, 2011, pursuant to Mississippi's Stop Notice statute, that Noatex owed King Construction $260,410.15 and that King Construction was filing a stop notice against King Construction in the Chancery Court of Lee County, Mississippi; this stop notice effectively bound the funds in the hands of the owner, APMM.

Shortly thereafter, on October 18, 2011, Noatex filed this action in this Court, seeking the declaratory judgment that King Construction's stop notice against Noatex was void because Mississippi's Stop Notice statute was unconstitutional. Then, in November of 2011, APMM filed a state interpleader action in the Chancery Court of Lee County pursuant to Rule 22 of the Mississippi Rules of Civil Procedure to determine ownership of the disputed funds subject to

---

[7] *See also Franchise Tax. Bd. of Calif. v. Constr. Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 18 n.17, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("It is not beyond the power of Congress to confer a right to a declaratory judgment in a case or controversy arising under federal law—within the meaning of the Constitution or of § 1331—without regard to *Skelly Oil*'s particular application of the well-pleaded complaint rule. . . . At this point, any adjustment in the system that has evolved under the *Skelly Oil* rule must come from Congress"; until then, *Skelly Oil* is applicable test).

King Construction's stop notice, and named both Noatex and King Construction as defendants. In December of 2011, Noatex filed a notice of removal, removing the interpleader action to this Court on the sole basis of diversity jurisdiction—not asserting federal question jurisdiction as a basis of removal. *See Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC et al.*, 1:11-cv-251, Noatex's Notice of Removal [1] at 1–2. The Court found that the requirements for federal statutory interpleader under 28 U.S.C. § 1335 were met.[8] The interpleader action is still pending before this Court.

With respect to this declaratory judgment action, as in many other declaratory judgment actions, "the realistic position of the parties is reversed." *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 242, 73 S. Ct. 236, 97 L. Ed. 291 (1952). In other words, Noatex brought this declaratory judgment action in order to establish a defense for itself in the cause of action King Construction asserted against it with the filing of the stop notice in the Chancery Court of Lee County. *See id.* This is especially evident given the procedural history; when Noatex initiated this declaratory judgment action in federal court, APMM had not yet filed the state interpleader action in chancery court. It appears to this Court that the threatened coercive

---

[8] Specifically, the Court stated on pages 5–6 of its memorandum opinion [237] granting APMM's motion to discharge [175] itself as a disinterested stakeholder in the interpleader action (1:11-cv-251):

> First, APMM, a corporation, commenced this interpleader action concerning the amount of $260,410.15, which APMM contends it owes, thus meeting the $500 amount-in-controversy requirement of § 1335(a). Second, three claimants claim entitlement to the fund: King Construction (Mississippi resident) on one side, and Noatex and Kohn Law Group (both California residents) on the other side. Although Noatex and Kohn Law Group argue that APMM cannot show that King Construction asserts any claim to the interpleader fund, the Court finds this argument is baseless. The Court has not yet determined the respective rights of the parties as to the money . . . . [T]wo or more adverse claimants are present who claim entitlement to the fund and are minimally diverse, as required by § 1335(a)(1). Finally, APMM has deposited the money into the Court registry, there to abide the judgment of the Court, as required by § 1335(a)(2). The requirements for statutory interpleader have been met.

9

action was created by state law and did not nonetheless arise under federal law, because the right to relief under state law for the King Defendants would not require resolution of a substantial question of federal law in the dispute of the parties. *See Franchise Tax Bd. of Calif.*, 463 U.S. at 13, 103 S. Ct. 2841. Instead, based on *Skelly Oil*, any federal question here only exists by virtue of the defense Noatex was trying to obtain for the stop notice against it in chancery court, and the threatened coercive action itself did not arise under federal law. *See id.* at 16, 103 S. Ct. 2841 (quoting 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2767 (2d ed. 1983) ("*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.' ")). Under the *Skelly Oil* rule, it appears no federal jurisdiction existed in this case.

Although courts, including the Fifth Circuit, have repeatedly applied the *Skelly Oil* test to determine the basis of the court's federal jurisdiction in declaratory judgment actions, the law is not certain as to whether *Skelly Oil* <u>always</u> controls in declaratory judgment actions premised on federal question jurisdiction. The Supreme Court stated in *Utah Public Commission*: "If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, <u>it is doubtful if</u> a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. <u>This is dubious</u> even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action." 344 U.S. at 248, 73 S. Ct. 236 (emphases added).

In certain situations, the Fifth Circuit has applied the ordinary well-pleaded complaint rule to declaratory judgment actions premised on federal question jurisdiction. *See, e.g., Self-Insurance Institute of Am., Inc. v. Korioth*, 993 F.2d 479, 483 & n.7 (5th Cir. 1993) ("federal

declaratory action affirmatively brought to determine whether a state law is preempted presents a

valid basis for federal question jurisdiction," even taking into account *Skelly Oil*); *see also Union*

*Pac. R. Co. v. Harris County, Tex.*, 790 F. Supp. 2d 568, 575 (S.D. Tex. 2011) (citing generally

*Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 447–48, 52 L. Ed. 714 (1908) (referring to limited

but "well-settled principle that a plaintiff may invoke federal-question jurisdiction through a

claim for <u>injunctive relief</u> [against a state official][9] that seeks to restrain state officials from

enforcing allegedly unconstitutional enactments or regulations") (emphasis added)). The case

*sub judice* does not fall into these exceptions. No injunctive relief was sought. Further,

Noatex's complaint was concerned solely with whether Mississippi's Stop Notice statute was

facially unconstitutional and unconstitutional as applied; no question of federal preemption was

before the Court and thus it was not dealt with in the Court's ruling. *See Weber v. Anheuser-*

*Busch, Inc.*, 348 U.S. 468, 481 n.9, 75 S. Ct. 480, 99 L. Ed. 546 (1955).

Nonetheless, Noatex's claim that Mississippi's Stop Notice statute violated due process

under the United States Constitution <u>could</u> exist without considering the threatened coercive

action, as a challenge to the constitutionality of a state statute often presents a federal question,

giving federal courts jurisdiction under 28 U.S.C. § 1331. Also, the Supreme Court's often-

quoted language in *Franchise Tax Board* seems to anticipate this possibility: "[I]f, <u>but for</u> the

---

[9] In *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321 (5th Cir. 2008), the Fifth Circuit explained:

> On principle it should be held that the rule of these cases is confined to actions to which state officials are parties. The best explanation of *Ex parte Young* and its progeny is that the Supremacy Clause creates an implied right of action for injunctive relief against state officers who are threatening to violate the federal Constitution and laws . . . . That implied right of action does not reach to a suit by one private party against another and it ought to be held that there is no federal jurisdiction of an action for a private party that federal law has preempted a duty he would otherwise owe to another private party.

*Id.* at 329–30 (quoting 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3566).

availability of the declaratory judgment procedure, the federal claim would arise <u>only as a defense to a state created action</u>, jurisdiction is lacking." *See Franchise Tax Bd. of Calif.*, 463 U.S. at 16, 103 S. Ct. 2841 (citing *Skelly Oil* and quoting 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2767) (internal quotation marks omitted; emphases added)). Presumably, if the federal claim can exist as a federal question independent of the declaratory judgment procedure, the Court nonetheless may exercise federal question jurisdiction over the declaratory judgment action.

Thus, this Court will apply the ordinary well-pleaded complaint rule to this action to see if the case presents a federal question, noting again that, to date, no thorough jurisdictional analysis has been conducted by any court in this case. Federal question jurisdiction, provided by 28 U.S.C. § 1331, vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he well-pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs jurisdictional determinations. If, on its face, such a complaint contains no issue of federal law, there is no federal question jurisdiction." *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). "A cause of action does not have the necessary jurisdictional elements unless it presents a basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of constitutional provision be given one interpretation and defeated if given another." *Screven County v. Brier Creek Hunting & Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953). This inquiry is limited to whether Noatex's claim arises out of the Constitution or laws of the United States. *See John Corp. v. City of Houston, Tex.*, 214 F.3d 573, 585 n.19 (5th Cir. 2000); *see also*

*Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985) ("Whether a federal court has jurisdiction to decide a case and whether a plaintiff has a cause of action under a federal statute are distinct inquiries that must be addressed separately.").

Noatex's complaint asserts that the Court has jurisdiction under 28 U.S.C. § 1331 "to declare that a laborer's and materialman's 'Stop Notice' filed and served by [King Construction] is void because, in violation of Due Process under the Constitution of the United States, the filing and service of the Stop Notice purportedly binds funds . . . that are owed to [Noatex]." Noatex's Compl. [1] ¶ 1. Although Noatex's complaint does not specifically cite to or reference the Fourteenth Amendment, its allegations ask whether Mississippi's Stop Notice statute is facially unconstitutional and unconstitutional as applied in violation of due process under the United States Constitution.[10] This presents a federal question. *See, e.g., Martinez v. State of California*, 444 U.S. 277, 279, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (claim that Fourteenth Amendment invalidated a state statute was federal question). Thus, based on the face of Noatex's complaint, the Court is assured of its federal question jurisdiction over this matter.

### 2. Noatex's Motion for Attorney's Fees

Having addressed the jurisdictional issue, the Court now turns to the merits of Noatex's motion for attorney's fees. "In the United States, parties are ordinarily required to bear their own

---

[10] The following allegations sound in constitutional due process: King Construction's stop notice "is void . . . in violation of Due Process under the Constitution of the United States," Noatex's Compl. [1] ¶ 1; "this action seeks the Court's assistance to invalidate the Stop Notice as a matter of federal constitutional Due Process," *id.* ¶ 3; "[t]he Stop Notice is void because [the Stop Notice statute] . . . does not provide constitutionally required minimum procedural safeguards," *id.* ¶ 5; "[n]o procedure exists whereby the contractor (such as Noatex) can challenge before trial the validity of the attachment under [the Stop Notice statute] on the grounds of procedural irregularity, excessiveness of the attachment, lack of merit of the underlying claim, or any other reason," *id.* ¶ 34; "[the Stop Notice statute] does not provide constitutionally required minimum procedural safeguards for pre-trial attachment. As a result, by binding funds owed to Noatex . . ., the Stop Notice purports to deprive Noatex of property without due process of law," *id.* ¶ 37 (internal citation omitted).

attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *see Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). "Under this 'American Rule,' we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.' " *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602, 121 S. Ct. 1835 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994)).

Noatex argues in its motion that attorney's fees are authorized in this case by The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988. Section 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 *et seq.*], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb *et seq.*], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C.A. § 1988(b).

Although Noatex acknowledges it did <u>not</u> bring its declaratory judgment action pursuant to § 1983, it argues it is nevertheless entitled to attorney's fees under § 1988, because "if this action had been brought coercively rather than under the Declaratory Judgment Act, the cause of action for non-declaratory relief would have arisen under 42 U.S.C. § 1983." Noatex's Mem. Br. Supp. Mot. Attorney's Fees [67] at 1, 9–10. The Court finds this argument to be nonsensical.

14

First, as explained in some length above, the threatened coercive action which would have been brought by the King Defendants would not have arisen under federal law. Even assuming, *arguendo*, the threatened coercive action could have arisen under federal law, it certainly would not have arisen under § 1983, which provides redress for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" against a person acting "under color of any statute, ordinance, regulation, custom, or usage of any State." *See* 42 U.S.C. § 1983. The King Defendants would not have asserted their claim to the money frozen by the stop notice under § 1983, but would have done so pursuant to state law either in state court or in federal court invoking diversity jurisdiction.

Further, even if Noatex is referring to its own cause of action and is asserting that if it had brought its claim coercively it could have done so under § 1983, the Court finds this argument to be similarly unavailing. If § 1983 had been an available avenue of relief for Noatex, Noatex could have asserted it in this declaratory judgment action, because § 1983 is a proper vehicle through which to bring a declaratory judgment action. *See* 42 U.S.C. § 1983 (a person who meets § 1983's elements "shall be liable . . . in an action at law, suit in equity, or other proper proceeding for redress"); *Steffel v. Thompson*, 415 U.S. 452, 454, 475, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ("rights passing through the § 1983 prism may in proper cases be vindicated . . . by declaratory judgments"; declaratory relief under § 1983 available in suit claiming state statute constitutionally invalid); *Montero v. Davis*, 283 F. App'x 206, 207 (5th Cir. 2008) (citing *Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982) ("[Appellant] contends that he had a 'right' to proceed under the [Declaratory Judgment Act] and should not have been 'forced' to seek relief under § 1983. [Appellant] is incorrect. Unless the request for declaratory relief is tied to another cause of action within the jurisdiction of the federal court, it must be

15

dismissed.")). *See also Fuentes v. Shevin*, 407 U.S. 67, 69, 71, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (Fourteenth Amendment due process challenges to state procedures seeking declaratory judgment properly brought under § 1983); *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240, 245–46 (5th Cir. 2001) (per curiam) (substantive due process challenge to county's action seeking declaratory judgment properly brought under § 1983).

Finally, Noatex argues that it is entitled to attorney's fees under § 1988, because the substance of its complaint constitutes a violation of § 1983. The Court finds this argument to be unavailing, as well. As the King Defendants and the State argue in response to the motion, Noatex has not pled state action in its complaint, nor does the record support a finding of state action under § 1983.

Fourteenth Amendment claims must be asserted through statutory authority provided by Congress; the appropriate means by which to seek relief on a constitutional due process claim is 42 U.S.C. § 1983. *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980). *See I.N.S. v. St. Cyr*, 533 U.S. 289, 346, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) (Supreme Court has not "intimate[d] that the Due Process Clause conferred jurisdiction of its own force, without benefit of statutory authorization"); *Mitchell v. City of Houston, Tex.*, 57 F. App'x 211, 2003 WL 147729, at *1 (5th Cir. 2003) (per curiam) (plaintiff's argument that he had a right to bring his suit under the Constitution without invoking § 1983 was "meritless"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983"); *Wax 'n Works v. City of St. Paul, Minn.*, 213 F.3d 1016, 1019 (8th Cir. 2000) (claim may not be brought directly under the Fourteenth Amendment); *Lofton v. City of West Point, Miss.*, Nos. 1:10-cv-282 & 1:10-cv-316, 2012 WL

16

1135862, at *10 (N.D. Miss. Apr. 4, 2012) (granting summary judgment on plaintiff's Equal Protection Clause and Due Process Clause action for failure to plead and pursue the Fourteenth Amendment claim under § 1983); *Moffett v. Miss. Dep't of Mental Health*, No. 3:07-cv-517, 2009 WL 1770121, at *2 (S.D. Miss. June 23, 2009) (granting summary judgment on plaintiff's Equal Protection Clause action for failure to plead and pursue the Fourteenth Amendment claim under § 1983).

Taking into account the entire record, Noatex has made no attempt to invoke the protection of § 1983 until its motion for attorney's fees. In the complaint, Noatex does not cite or in any way reference § 1983; as provided in the case law above, this omission alone could have rendered its claim fatal on a Rule 12(b)(6) challenge. The Fifth Circuit reiterated in a recent opinion that it has consistently held that "a 'complaint is fatally defective in that it fails to state a claim upon which relief may be granted' when it does not invoke § 1983 for claims of constitutional violations under color of state law." *See Johnson v. City of Shelby, Miss.*, 743 F.3d 59, 62 (5th Cir. 2013) (quoting *Hearth, Inc.*, 617 F.2d at 382–83). "[T]his requirement that 'claims against state actors to be pursued through § 1983 is not a mere pleading formality." *Id.* (quoting *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). Although obviously no Rule 12(b)(6) challenge is before the Court at the near conclusion end of this litigation, the Court notes that the failure to cite or reference § 1983 in the complaint could have been fatal to Noatex's claim.[11]

---

[11] Practically, "[c]ertain consequences flow from claims under § 1983, such as the unavailability of *respondeat superior* liability, which bears on the qualified immunity analysis." *Johnson v. City of Shelby, Miss.*, 743 F.3d 59, 62 (5th Cir. 2013). Inherent in a § 1983 action is the opportunity afforded litigants to present their positions and assert any defenses that might relieve them of liability. By not pleading § 1983 and subsequently claiming that the action was nonetheless brought under § 1983, a plaintiff would unfairly deny defendants this

The Court recognizes that both § 1988 and § 1983 are more concerned with the substance and not the form of the action. *See Sw. Bell Tel. Co. v. City of El Paso, Tex.*, 346 F.3d 541, 552 (5th Cir. 2003); *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983). However, even the substance of the action does not support a cause of action under § 1983.

In this case, Noatex sued only the King Defendants—not the State.[12] A case such as this, in which "private parties invoke[e] a state attachment statute which results in the deprivation of a federal right[]," allows liability under § 1983, provided that "[the private parties'] actions are fairly attributable to the State." *See Doyle v. Landry*, 67 F. App'x 241, 2003 WL 21108477, at *3 (5th Cir. 2003) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). The Supreme Court in *Lugar v. Edmonson Oil Co.* established a two-part test to determine whether "the conduct causing the deprivation of a federal right may be fairly attributable to the State": (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person

---

opportunity. In this case, the King Defendants never argued that their actions were not fairly attributable to the State, but Noatex never pled a cause of action where that factual and legal determination would be required.

[12] As stated earlier in this opinion, the State later intervened to defend the constitutionality of its statute. However, the State was never added as a defendant. This is somewhat peculiar, given that Noatex's claim was that the state statute was facially unconstitutional and unconstitutional as applied. *See, e.g., Clark v. Arizona*, 548 U.S. 735, 742, 746, 765, 126 S. Ct. 2709, 165 L. Ed. 2d 842 (2006) (individual plaintiff suing state in case involving Fourteenth Amendment due process challenge to state insanity law); *Connecticut v. Doehr*, 501 U.S. 1, 4, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991) (property owner suing state in case involving Fourteenth Amendment due process constitutionality challenge to state prejudgment attachment procedure); *Fuentes v. Shevin*, 407 U.S. 67, 69, 71, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (two cases brought by individual plaintiffs against two states' attorney generals and private creditors involving Fourteenth Amendment due process constitutionality challenges to state prejudgment replevin procedures and seeking declaratory and injunctive relief; *Boddie v. Connecticut*, 401 U.S. 371, 372, 373, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971) (state welfare recipients suing state in case involving due process constitutionality challenge to state procedures restricting access to courts in bringing action for divorce and seeking, *inter alia*, declaratory judgment).

who may fairly be said to be a state actor." 457 U.S. at 937, 102 S. Ct. 2744.[13] The Supreme Court in *Lugar* explained that a person "may fairly be said to be a state actor" because "he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*, 102 S. Ct. 2744.

This case no doubt "concern[s] an invocation of Mississippi's [Stop Notice statute] by King Construction," *see Noatex Corp.*, 732 F.3d at 487, and it is clear from the Court's ruling and the Fifth Circuit's affirmance that Noatex was deprived of its due process rights by Mississippi's facially unconstitutional and unconstitutional-as-applied Stop Notice statute. But nowhere in the entire record is there an allegation or finding that the King Defendants—the only defendants in this action—caused this deprivation as a state actor, that is, that the King Defendants' conduct was "fairly attributable" to the State. This issue was never pled, proved, or ruled on. In its complaint, Noatex sought a declaration from the Court that "the stop notice is void and invalid[] and has no effect upon the debts of APMM that are owed to Noatex." Noatex's Compl. [1] ¶ 41. Noatex specifically requested that the Court declare "that the Laborer's and Materialman's Lien and Stop Notice, dated September 23, 2011, is void, invalid[,] and has no effect upon any funds in the hands of [APMM] that are owed to [Noatex]." *Id.* at Prayer for Relief ¶ 1. Noatex never alleged nor proved that the King Defendants violated the Due Process Clause of the Fourteenth Amendment; it merely alleged and proved that the State had no basis to accept and enforce the stop notice in chancery court. This Court held that the

---

[13] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (quoting *Lugar*, 457 U.S. at 937, 102 S. Ct. 2744) (emphases in original) (respondents' "attempt to characterize their claim as a 'facial' or 'direct' challenge to the utilization review procedures contained in the Act" was perhaps attempt "to avoid the traditional application of [the Supreme Court's state-action cases"; "[t]his argument, however, ignores our repeated insistence that state action requires <u>both</u> an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' <u>and</u> that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor' ").

Stop Notice statute "was facially unconstitutional because it deprived contractors of property without due process." *See Noatex Corp.*, 732 F.3d at 483. The Fifth Circuit repeatedly refers to the matter in its opinion affirming the Court as the "facial challenge to the constitutionality of a statute" and it holds specifically: "Owing to the lack of procedural safeguards governing the statutory attachment process at issue, we hold that Mississippi's Stop Notice statute amounts to a facially unconstitutional deprivation of property without due process." *Id.* at 487. Although the Fifth Circuit stated that both the King Defendants and the State would be ultimately affected by the decision, *see id.*, the Fifth Circuit also reiterated that the State's sole involvement in the case was that it intervened to defend the constitutionality of its statute, *see id.* at 483. The Fifth Circuit further stated: "Noatex's declaratory judgment action only requested a nullification of the stop notice, and that nullification was the only relief that the district court granted." *Id.* at 488. Subsequently, the Fifth Circuit referred again to the district court's "narrow holding that the stop notice procedure invoked by [the King Defendants] was unconstitutional." *Id.* Nowhere in the Fifth Circuit's entire well-reasoned opinion is there any mention of state action on the part of the King Defendants—nor is there any analysis of state action in the Magistrate Judge's succinct Order granting the declaratory judgment.[14] Because this issue was never pled, proven, or ruled on, the Court finds that the substance of Noatex's case is not a § 1983 claim, and thus, that Noatex is not entitled to recover under § 1988. The Court notes that even if the case in some

___

[14] This Court notes that the Magistrate Judge's April 12, 2012 Order granting declaratory judgment stated that the money at issue "has been held beyond Noatex's control as a result of state action, i.e.[,] use of the procedures set forth by state statute." Ct.'s Order [62] at 15. Although this is not the best use of the term of art "state action," the use of the term to mean literally an action taken pursuant to a state statute does not constitute a finding that the King Defendants' conduct was "fairly attributable to the State." Taking an action pursuant to a state statute does not necessarily constitute state action. *See, e.g., Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 43–44, 48, 52, 119 S. Ct. 977; *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988). Because there is no other support for a finding of state action on the part of the Magistrate Judge, and the Fifth Circuit never so much as mentions state action in its thorough opinion affirming the Magistrate Judge's Order, a finding of state action is not supported by the record.

form or fashion <u>could have</u> been brought under § 1983, that does not suffice to show that attorney's fees are authorized under § 1988. *See Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983).

Finally, the Court finds—although not argued by Noatex—that 28 U.S.C. § 2201 does not authorize attorney's fees to Noatex. Section 2202 provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. However, § 2202's "[f]urther necessary or proper relief" provision does not provide the requisite statutory authority for a district court to automatically award attorney's fees, nor does a federal district court have "broad discretionary power to award attorney's fees in declaratory actions under § 2202." *Mercantile Nat'l Bank at Dall. v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988). The Declaratory Judgment Act is not substantive law. Because only controlling substantive law permits such recovery, § 1983 is the only law cited by Noatex in support of its argument for attorney's fees under § 1988, and recovery is not possible under that statute, Noatex's motion for attorney's fees must be denied.

## C. Conclusion

In sum, Plaintiff Noatex Corporation's motion for attorney's fees [66] is DENIED, and Plaintiff Noatex Corporation's motion for bond or other security to assure payment of costs on appeal [84] is DENIED AS MOOT.

An order in accordance with this opinion shall issue this day.

THIS, the ___14___ day of May, 2014.

_____
SENIOR JUDGE